IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 2:22-cv-2449 |
| PHILIP S. BROWN;<br>AMBER L. BROWN;<br>JOHNSON COUNTY, KANSAS,TREASURER;<br>NORTH AMERICAN SAVINGS BANK;<br>KANSAS DEPARTMENT OF REVENUE; and<br>HILLS OF IRONHORSE<br>HOMEOWNERS ASSOCIATION, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT**

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401 and 7403, brings this civil action to: (1) reduce to judgment unpaid federal tax liabilities owed by Philip S. Brown and Amber L. Brown; and (2) enforce the federal tax liens against real property located at 3540 W. 153rd Terrace, Leawood, Kansas, 66224, which belongs to them.

For its Complaint, the United States alleges as follows:

**Jurisdiction, Venue, and Parties**

1. Jurisdiction over this action is conferred upon the district court by 28 U.S.C. §§ 1331, 1340, and 1345, as well as 26 U.S.C. §§ 7402(a) and 7403.

2. Venue is proper under 28 U.S.C. §§ 1391(b) and 1396 because Philip S. Brown and Amber L. Brown reside in this judicial district; a substantial part of the events giving rise to this action occurred within this judicial district; the tax liabilities at issue accrued in Johnson

County, Kansas, which is in this judicial district; and the property at issue is located in this judicial district.

3. Defendant Philip S. Brown resides in Johnson County, Kansas, which is within the jurisdiction of this Court.

4. Defendant Amber L. Brown's last known address is in Johnson County, Kansas, which is within the jurisdiction of this Court.

5. Defendant North American Savings Bank is named as a party as to Count II pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the property upon which the United States seeks to enforce its liens.

6. Defendant Johnson County, Kansas is named as a party as to Count II pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the property upon which the United States seeks to enforce its liens.

7. Defendant Kansas Department of Revenue is named as a party as to Count II pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the property upon which the United States seeks to enforce its liens.

8. Defendant Hills of Ironhorse Homeowners Association is named as a party as to Count II pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the property upon which the United States seeks to enforce its liens.

**The Subject Property**

9. The real property upon which the United States seeks to enforce its tax liens consists of the land, along with all improvements, buildings, and appurtenances thereon, now known as and numbered 3540 W. 153rd Terrace, Leawood, Kansas, 66224 (the "Real Property"). The legal description of the Real Property is as follows:

LOT 56, HILLS OF IRONHORSE, 1ST PLAT, A SUBDIVISION IN THE CITY OF LEAWOOD, JOHNSON COUNTY, KANSAS, ACCORDING TO THE RECORDED PLAT THEREOF

Parcel ID(s): 046-162-10-0-20-03-001.00-0

10. The Real Property was conveyed to Philip S. Brown and Amber L. Brown, husband and wife, by Trustee's Deed, on December 15, 2006, recorded in Johnson County, Kansas, Book 200612, Page 8569 on December 28, 2006.

## COUNT I
### REDUCE UNPAID INCOME TAX LIABILITIES TO JUDGMENT AGAINST PHILIP S. BROWN AND AMBER L. BROWN

11. On the following dates, a delegate of the Secretary of the Treasury made joint assessments against Philip S. Brown and Amber L. Brown, for federal income taxes and penalties for the following tax periods and in the following amounts (collectively, "the income tax liabilities"), which have balance due with accruals and costs as of September 9, 2022, as follows:

| Tax Year | Tax Assessed | Assessment Date(s) | Penalties/Fees Assessed | Interest Assessed | Outstanding Balance as of 9/9/2022 (including payments, credits, additional assessments and interest) |
|---|---|---|---|---|---|
| 2000 | $248,575.00 | 10/9/2006 | $108,113.38 | $419,892.32 | $704,648.51 |
| 2010 | $157,711.00 | 11/21/2011 | $12,206.07 | $16,175.47 | $78,000.30 |
| 2011 | $22,566.20 | 6/12/2017 | $6,391.55 | $8,023.45 | $44,871.40 |
| 2012 | $182,887.00 | 11/4/2013 6/12/2017 | $35,626.42 | $39,138.20 | $242,535.96 |
| 2013 | $112,889.00 | 1/5/2015 5/29/2017 | $33,764.23 | $19,802.33 | $131,889.60 |
| 2014 | $151,892.00 | 11/23/2015 | $2,485.95 | $3,165.07 | $2,790.01 |
| 2015 | $129,456.00 | 9/3/2018 | $39,174.93 | $16,335.08 | $151,504.30 |
|  |  |  |  | **Total:** | **$1,356,240.08** |

12. A delegate of the Secretary of the Treasury gave notice of the income tax liabilities described above, and demanded payment from, Philip S. Brown and Amber L. Brown.

13. After the application of all abatements, payments, and credits, Philip S. Brown and Amber L. Brown remain jointly and severally liable to the United States in the amount of $1,356,240.08, plus statutory additions and interest accruing from and after September 9, 2022.

14. The balance due and set forth above reflects additional assessments, accrued interest, and any adjustments, payments, or credits as of September 9, 2022. Statutory additions and interest continue to accrue on the assessed liabilities on and after September 9, 2022.

15. Philip S. Brown and Amber L. Brown submitted offers in compromise ("OIC") pursuant to 26 U.S.C. § 7122 for the income tax period ending December 31, 2000, which were received on the following dates, and the offers in compromise remained pending until they were rejected or withdrawn on the following dates:

| OIC Received | OIC Rejected/Withdrawn |
|---|---|
| 10/9/2006 | 3/16/2007 |
| 7/12/2007 | 12/17/2008 |
| 7/8/2009 | 11/12/2009 |
| 3/31/2010 | 2/23/2011 |
| 4/26/2011 | 1/31/2012 |
| 3/18/2013 | 10/30/2015 |
| 10/10/2018 | 11/16/2018 |

16. Philip S. Brown and Amber L. Brown submitted an offer in compromise pursuant to 26 U.S.C. § 7122 for the income tax periods ending December 31, 2010; December 31, 2011; December 31, 2012; December 31, 2013; December 31, 2014; and December 31, 2015. The offer in compromise was pending from October 10, 2018 through November 16, 2018.

17. Philip S. Brown and Amber L. Brown requested a collection due process hearing pursuant to 26 U.S.C. § 6330(b) for the income tax periods ending December 31, 2013 and December 31, 2014. The collection due process hearing was pending from November 1, 2016 through July 19, 2017.

18. Philip S. Brown and Amber L. Brown requested an additional collection due process hearing pursuant to 26 U.S.C. § 6330(b) for the income tax periods ending December 31, 2010; December 31, 2011; December 31, 2012; December 31, 2013; December 31, 2014; and December 31, 2015. The collection due process hearing was pending from October 4, 2019 through October 28, 2020.

19. Although a proceeding in court must generally be commenced within ten years after the assessment of a tax, this action has been timely commenced under 26 U.S.C. § 6502 because the statute of limitations was tolled pursuant to 26 U.S.C. §§ 6331(i) and (k) and 6330(e) due to the offers in compromise and the collection due process hearings submitted and/or requested by Philip S. Brown and Amber L. Brown.

20. Despite proper notice and demand for payment, Philip S. Brown and Amber L. Brown have failed, neglected, or refused to fully pay the income tax liabilities described above.

21. Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Philip S. Brown and Amber L. Brown are jointly and severally liable to the United States for the income tax liabilities in the amount of $1,356,240.08 as of September 9, 2022, plus statutory additions, and prejudgment and post judgment interest at the rates set forth in 26 U.S.C. §§ 6601, 6621, and 28 U.S.C. § 1961(c), until paid.

## COUNT II
### ENFORCEMENT OF FEDERAL TAX LIENS AGAINST THE REAL PROPERTY

22. The United States incorporates by reference paragraphs 1 through 21 as if specifically realleged herein.

23. Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of the neglect, refusal or failure by Philip S. Brown and Amber L. Brown to pay the tax liabilities described above after notice and demand, federal tax liens arose on the dates of the assessments, and attached to all property and rights to property belonging to Philip S. Brown and Amber L. Brown, including the Real Property.

24. Additionally, the Internal Revenue Service filed Notices of Federal Tax Lien ("NFTL") against Philip S. Brown and Amber L. Brown in accordance with 26 U.S.C. § 6323(f)

with the County Clerk for Johnson County, Kansas in regard to the tax liabilities described above, on the following dates:

| Tax Type | Tax Year | Amount | Date NFTL Filed |
|---|---|---|---|
| Income | 2000 | $404,859.45 | 6/11/2007 |
| Income | 2010 | $43,642.32 | 7/10/2012 |
| Income | 2013; 2014 | $4,715.34 $2,386.40 | 9/26/2016 |
| Income | 2000 | $357,193.48 | 2/10/2017 |
| Income | 2011 2012 | $30,203.30 $162,544.75 | 8/8/2017 |
| Income | 2015 | $40,252.77 | 10/30/2018 |
| Income | 2010 2013 | $69,439.54 $117,455.56 | 11/24/2020 |
| Income | 2010 | $43,642.32 | 2/3/2021 |

18. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce the federal tax liens described above against the Real Property by foreclosure sale or other court orders. In particular, the United States is entitled to have the entire Real Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs and expenses of the sale, including any costs and expenses incurred to secure and maintain the Real Property; second, to defendant Johnson County, Kansas, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); and third, to the United States to pay the liabilities described above, except to the extent that the Court determines that another party has a superior right, title, or interest.

WHEREFORE, the United States requests the following relief:

A. Judgment against Philip S. Brown and Amber L. Brown, jointly and severally, for their income tax liabilities for the periods ending December 31, 2000; December 31, 2010;

December 31, 2011; December 31, 2012; December 31, 2013; December 31, 2014; and December 31, 2015; in the amount of $1,356,240.08 as of September 9, 2022, plus statutory additions, and prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. §§ 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

  B. A determination that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities described in this complaint on the Real Property;

  C. An order enforcing the federal tax liens described above pursuant to 26 U.S.C. § 7403 against the Real Property by ordering the sale of the entire Real Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights or redemption, with the proceeds of the sale distributed:

    1. First, to pay the costs and expenses of the sale, including any costs and expenses incurred to secure and maintain the Real Property;

    2. Second, to defendant Johnson County, Kansas, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); and,

    3. Third, to the United States to pay the liabilities described above, except to the extent that the Court determines that another party has a superior claim, lien, or interest; and,

  C. That the United States shall recover its costs incurred in this action and any surcharge authorized by 28 U.S.C. § 3011, and such other and further relief as this Court deems just and proper.

          DAVID A. HUBBERT
          Deputy Assistant Attorney General

          */s/ Nathan D. Baney*
          NATHAN D. BANEY
          Va. Bar #75935
          Trial Attorney, Tax Division
          U.S. Department of Justice
          P.O. Box 7238
          Washington, D.C.  20002
          202-307-6560 (v)
          202-514-6770 (f)
          Nathan.Baney@usdoj.gov

          Attorney for the United States of America

## DESIGNATION FOR PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place for trial of this matter.

          */s/ Nathan D. Baney*
          Attorney for Plaintiff